**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1060

CELSA DOLORES PABLO-DE ALVARADO; E.J.A.P.; V.G.A.P.,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  July 25, 2023                          Decided:  August 23, 2023

Before GREGORY and AGEE, Circuit Judges, and KEENAN, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

**ON BRIEF:**  Andrew Barreto, GOREN & BARRETO, LLC, Silver Spring, Maryland, for Petitioners.  Brian Boynton, Principal Deputy Assistant Attorney General, Anthony C. Payne, Assistant Director, Jennifer A. Bowen, Trial Attorney, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Celsa Dolores Pablo-De Alvarado and her two children, natives and citizens of El Salvador, petition for review of the order of the Board of Immigration Appeals ("Board") dismissing their appeal from the immigration judge's ("IJ") decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture. We deny the petition for review.

The Board agreed with the IJ that Pablo-De Alvarado failed to show that the Salvadoran government was unable or unwilling to protect her from the gang members that threatened her if she failed to pay the extortion demand. The Board determined that this finding was dispositive of Pablo-De Alvarado's applications for asylum and withholding of removal. We will affirm the Board's determination regarding an applicant's eligibility for asylum or withholding of removal if it is supported by substantial evidence on the record considered as a whole. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Legal issues are reviewed de novo. *Li Fang Lin v. Mukasey*, 517 F.3d 685, 691-92 (4th Cir. 2008). The decision "that an alien is not eligible for asylum is 'conclusive unless manifestly contrary to the law and an abuse of discretion.'" *Hernandez-Cartagena v. Barr*, 977 F.3d 316, 319 (4th Cir. 2020) (quoting 8 U.S.C. § 1252(b)(4)(D)). "When an applicant claims that she fears persecution by a private actor, she must also show that the government in her native country is unable or unwilling to control her persecutor." *Diaz de Gomez v. Wilkinson*, 987 F.3d 359, 365 (4th Cir. 2021) (internal quotation marks omitted). "Whether a government

is unable or unwilling to control private actors is a factual question that must be resolved based on the record in each case." *Crespin-Valladares v. Holder*, 632 F.3d 117, 128 (4th Cir. 2011) (internal quotation marks omitted). We conclude that the Board's analysis of this issue was not flawed and that substantial evidence supports the Board's finding that Pablo-De Alvarado failed to establish that the Salvadoran government was unable or unwilling to protect her.

The Petitioners also challenge the denial of protection under the CAT. To qualify for CAT protection, an applicant must show that it is more likely than not that she will be tortured in El Salvador. *See* 8 C.F.R. § 1208.16(c)(2). The likelihood of torture need not be linked to a protected ground. *Zelaya v. Holder*, 668 F.3d 159, 167 (4th Cir. 2012). "Torture" is defined as "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person" in a manner that is "by, or at the instigation of, or with the consent or acquiescence of," a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1); *see Rodriguez-Arias v. Whitaker*, 915 F.3d 968, 971 (4th Cir. 2019). "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." 8 C.F.R. § 1208.18(a)(7). "The official or officials need not have actual knowledge of the torture; it is enough if they simply turn a blind eye to it." *Portillo Flores v. Garland*, 3 F.4th 615, 637 (4th Cir. 2021) (en banc) (internal quotation marks omitted).

The Petitioners fault the Board for not considering evidence of country conditions in its review of the IJ's denial of CAT protection. But we conclude that substantial

3

evidence supports the agency's finding that Pablo-De Alvarado did not establish that public officials would consent or acquiesce in private actors torturing her. In fact, the evidence shows that local police and the district attorney's office responded to her and her family's need for protection from gang members.

The Petitioners also assert that the Board erred by not considering Pablo-De Alvarado's children's separate applications for relief. The Board determined that the failure to show that the Salvadoran government was unable or unwilling to protect Pablo-De Alvarado was dispositive of the applications for asylum and withholding of removal. The Board declined to consider the Petitioners' remaining arguments. The children's applications for relief relied on the same set of facts as described in Pablo-De Alvarado's written statement. The Board's dispositive finding necessarily undermined the children's applications for relief. We conclude that the Board did not err in declining to consider the Petitioners' remaining arguments. And even if the Board did err, such error was harmless. *See Ngarurih v. Ashcroft,* 371 F.3d 182, 190 n.8 (4th Cir. 2004) (describing when a Board's error may be harmless).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

4